UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Randy Williams, | ) | Civil Action No.: 4:18-cv-00952-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| South Carolina Workers' Compensation Commission, | ) | |
| Defendant. | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 16, 18, 20, & 21. The Magistrate Judge recommends summarily dismissing Plaintiff's pro se complaint without prejudice. R & R at p. 4.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, proceeding pro se, has filed a complaint naming the South Carolina Workers' Compensation Commission ("SCWCC") as the sole defendant and seeking monetary damages as relief. *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because the SCWCC—a state agency—is immune from suit under the Eleventh Amendment. *See* R & R at pp. 2–4.

Plaintiff has filed objections, but he does not specifically object to the Magistrate Judge's conclusion that the SCWCC is entitled to Eleventh Amendment immunity. *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it). Instead, Plaintiff rehashes and supplements the allegations in his complaint. *Compare* ECF No. 1 (complaint), *with* ECF Nos. 18, 20, & 21 (objections). Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

disposition, and therefore the Court will adopt the R & R. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity."); *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018) ("Eleventh Amendment immunity protects the States, their agencies, and officials from suit *in federal court*."); *see, e.g.*, *Patterson v. S.C. Workers' Comp. Comm'n*, No. 3:10-cv-02968-MBS, 2011 WL 2559528 (D.S.C. June 28, 2011) (concluding the SCWCC "is entitled to Eleventh Amendment immunity").

## Conclusion

For the foregoing reasons, the Court adopts and incorporates by reference the R & R [ECF No. 16] of the Magistrate Judge. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice*[3] *and without issuance and service of process*.[4]

**IT IS SO ORDERED.**

Florence, South Carolina  
August 24, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] "The Fourth Circuit considers the Eleventh Amendment to be jurisdictional with respect to dismissals[,] and . . . district courts in this Circuit should dismiss on Eleventh Amendment grounds without prejudice." *Andrews v. Taylor*, 2018 WL 2108022, at *6 (E.D. Va. May 7, 2018); *see also Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("Eleventh Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction."); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).

[4] In the Court's view, Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.

3